1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   DAMIEN P. DELANEY (SBN 246476)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
4   Telephone:  310-229-1000
    Facsimile:   310-229-1001
5   cconway@akingump.com
    gknopp@akingump.com
6   ddelaney@akingump.com

7   Attorneys for EMC CORPORATION, INC.

8

9

10                UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13               '07 **CV** 0651   **H (CAB)** VIA FAX

14   STEVE LANGILLE, an individual,   |   Case No.
    on behalf of himself, and on behalf of
15   all persons similarly situated,

16            Plaintiffs,   |  **DEFENDANT EMC**
                         **CORPORATION, INC.'S NOTICE**
17       v.   |  **OF REMOVAL OF ACTION**
                         **PURSUANT TO 28 U.S.C.**
18   EMC CORPORATION, INC., a   |  **§§ 1332(D)(2), 1376, 1441, 1446, AND**
    Massachusetts Corporation, LEGATO   **1453; DECLARATIONS OF KEVIN**
19   SYSTEMS, INC., a Massachusetts   **CLOSE, SUSAN DUBE AND**
    Corporation, and Does 1 to 100,   **DAMIEN P. DELANEY IN**
20                            **SUPPORT THEREOF**
           Defendants.
21                            [CIVIL COVER SHEET,
                           DISCLOSURE OF INTERESTED
22                            CORPORATE ENTITIES [FRCP
                           7.1] FILED CONCURRENTLY
23                            HEREWITH]

24                            **(SUPERIOR COURT OF**
                           **CALIFORNIA, SAN DIEGO**
25                            **COUNTY, Case No. GIC 880720)**

26

27

28



FILED

07 APR 11 AM II: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    SOUTHERN DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that Defendant EMC Corporation, Inc. ("EMC") hereby

4    removes to this Court the state court action described below, pursuant to 28 U.S.C.

5    §§ 1332(d)(2), 1376, 1441, 1446 and 1453.  In support thereof, EMC states as follows:

6        1.    On February 23, 2007, a putative class action was commenced and is

7    currently pending against EMC in the Superior Court of California, County of San Diego,

8    as Case No. GIC 880720, entitled STEVE LANGILLE, an individual, on behalf of

9    himself, and on behalf of all persons similarly situated, Plaintiff, vs. EMC

10   CORPORATION, INC., a Massachusetts Corporation, LEGATO SYSTEMS, INC., a

11   Massachusetts Corporation, and Does 1 to 100, Defendants.  On March 12, 2007, EMC

12   was served with the Complaint.  *See* Declaration of Damien P. DeLaney in Support of

13   EMC Corporation's Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332 (d)(2),

14   1376, 1441, 1446 and 1453 ("DeLaney Decl.") ¶ 2.  Attached as **Exhibit A** to the

15   DeLaney Declaration is a true copy of the Summons, Complaint and Proof of Service.

16   *See* DeLaney Decl. ¶ 3.  Attached as **Exhibit B** to the DeLaney Declaration is a true copy

17   of the Civil Cover Sheet, Notice of Case Assignment and Notice of Case Reassignment

18   Due to Challenge, Recusal or Special Assignment filed in the San Diego County Superior

19   Court.  *See* DeLaney Decl. ¶ 4.  Attached as **Exhibit C** to the DeLaney Declaration is a

20   true conformed copy of EMC's Answer to Plaintiff's Complaint, filed in San Diego

21   County Superior Court on April 9, 2007.  *See* DeLaney Decl. ¶ 5.  There have been no

22   further proceedings in case number GIC 880720, and no other pleadings have been filed

23   and served upon Plaintiff or EMC in this action.

24       2.    Plaintiff Steve Langille is a former employee who claims he was improperly

25   classified as exempt from California's overtime laws and that, consequently, he was

26   denied overtime wages and proper rest periods.  DeLaney Decl., Exh. A (Complaint, ¶¶ 7,

27   20, 22, 23).  He asserts claims for unpaid overtime wages, failure to provide rest periods,

28   failure to provide accurate itemized wage statements, and violation of the California

1

DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1376, 1441, 1446, AND 1453

1    unfair competition laws. *See* DeLaney Decl., Exh. A (Complaint ¶¶ 24–37, 39–46, 48–

2    50, 52-59). Plaintiff purports to bring this action on behalf of a class consisting of "all

3    California residents who are current and former employees of DEFENDANTS who held

4    the position of Software Test Engineer and similarly situated positions, and who worked

5    more than eight (8) hours in any given day and/or more than forty (40) hours in any given

6    week during the period commencing on the date that is within the four years prior to the

7    filing of this complaint and through the class period cutoff date ('the Class Period'), and

8    who were not paid overtime compensation pursuant to the applicable California Labor

9    Code and Industrial Welfare Commission Wage Order Requirements." DeLaney Decl.,

10   Exh. A (Complaint, ¶ 3). EMC denies all of Plaintiff's asserted claims. *See* DeLaney

11   Decl., Exh. C (Answer).

12          3.      The Complaint and Summons were first served on March 12, 2007. EMC's

13   Notice of Removal is timely because it is filed within thirty (30) days of that service. *See*

14   28 U.S.C. § 1446(b).

15          4.      **Jurisdiction**. The above described action is a civil action of which this

16   Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b).

17   Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil

18   action brought in a State court of which the district courts of the United States have

19   original jurisdiction. . . ." Pursuant to the Class Action Fairness Act ("CAFA"), 28

20   U.S.C. §§ 1332(d), 1453, 1711-1715, federal district courts have original jurisdiction over

21   a class action if (1) it involves 100 or more putative class members, (2) any class member

22   is a citizen of a state different from any defendant, and (3) the aggregate amount in

23   controversy exceeds $5 million (exclusive of costs and interests). *See* 28 U.S.C.

24   §§ 1332(d)(2) and (d)(6).

25          5.      **Class Size**. Plaintiff seeks to represent a class consisting of "all California

26   residents who are current and former employees of [EMC] who held the position of

27   Software Test Engineer and similarly situated positions . . . ." DeLaney Decl., Exh. A

28   (Complaint, ¶ 3). If Plaintiff is able to establish that his case is appropriate for class

2

1  treatment, the purported class would exceed 100 members. *See* Declaration of Susan

2  Dube in Support of Notice of Removal of Action ("Dube Decl.") ¶ 6.

3      6.    **Diversity of Citizenship**. At all relevant times, there has been diversity of

4  citizenship between the parties to the action.

5      7.    EMC is informed and believes that Plaintiff, at the time this action was

6  commenced, was a citizen and resident of the State of California. *See* DeLaney Decl.,

7  Exh. A (Complaint ¶ 7).

8      8.    EMC is not a citizen of the State of California. "[A] corporation shall be

9  deemed to be a citizen of any State by which it has been incorporated and of the State

10 where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). EMC has not

11 been incorporated in California. Rather, at the time this action was commenced, EMC

12 was a corporation organized and incorporated under the laws of the Commonwealth of

13 Massachusetts. *See* Declaration of Kevin Close in Support of Removal ("Close Decl."),

14 ¶ 3. Nor is California the state in which EMC has its principal place of business. Rather,

15 as shown below, EMC's principal place of business is located in Massachusetts.[1]

16     9.    In the Ninth Circuit, the "principal place of business" is determined by a

17 two-part inquiry. First, the Court applies the "place of operations" test to determine in

18 what state, if any, a "substantial predominance" of corporate activity takes place.

19 Second, if the corporation's activities are not predominant in a single state, the Court

20 applies the "nerve center" test to identify the state in which the majority of the

21 corporation's executive and administrative functions are performed. *See United*

22 *Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). Under either test,

23 EMC's principal place of business is plainly not California.

24

25

26

---

27 [1] "[28 U.S.C. § 1332(c)] makes clear that every corporation has one and only one principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987), *citing* S. Rep.

28 No. 1830, 85th Cong., 2d Sess., *reprinted in* 1958 U.S.C.C.A.N. 3099, 3102 (corporation to be regarded as "citizen of that *one* State in which was located its principal place of business" (emphasis added)).

DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1376, 1441, 1446, AND 1453

10. The "place of operations" test is determinative "where a corporation conducts 'substantially all' of its operations in one state and its headquarters are located in another state." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). However, the "place of operations" test cannot properly identify a corporation's principal place of business where the corporation has operations spread throughout the country. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) ("Because no one state contains a substantial predominance of the corporation's business activities, the place of operations test is inappropriate); *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (where national corporation has business activity spread among a substantial number of states, "use of the 'place of operations' test would not reliably identify the one state that should be deemed the center of corporate activity"). To determine whether "substantial predominance in a particular state exists, courts look to several factors, including the location of employees, tangible property, production activities, sources of income, and the corporation's executive and administrative functions. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500-502 (9th Cir. 2001).

11. Applying these factors, EMC's operations clearly do not substantially predominate in California. EMC employs more individuals in Massachusetts than in any other state. *See* Close Decl. ¶ 8. Further, EMC's executive and administrative operations are centrally managed from Massachusetts, not California. From EMC's corporate headquarters in Hopkinton, Massachusetts, EMC makes and implements operating, financial, marketing, development, accounting, treasury and legal decisions and policies concerning the corporation. Close Decl. ¶ 6. Most of EMC's executive officers maintain their offices at EMC's headquarters in Massachusetts. Close Decl. ¶ 5. Moreover, meetings of the board of directors also take place in Massachusetts. Close Decl. ¶ 7. For all these reasons, to the extent that EMC's operations substantially predominate in any one state, that state is Massachusetts.

1    12.    If EMC's operations are not found to substantially predominate in a single

2  state, then the Court must apply the "nerve center" test to determine the company's

3  principal place of business. *See Engels v. Exel Global Logistics, Inc.*, No. C 04-3944

4  MHP, 2005 WL 850879, *5 (N.D. Cal., April 11, 2005); *Arellano*, 245 F. Supp. 2d at

5  1106; *Ho*, 143 F. Supp. 2d at 1165. Under the "nerve center" test, the principal place of

6  business is the state where the majority of executive and administrative functions are

7  performed. *See Tosco*, 236 F.3d at 500. Relevant factors include where executives reside

8  and maintain offices, where administrative and financial offices are located, where

9  directors and stockholders meet, where income tax returns are filed, and where day-to-

10  day control over the company is executed. *See Unger v. Del E. Webb Corp.*, 233 F. Supp.

11  713, 716 (N.D. Cal. 1964); *accord State Farm Fire & Casualty Co. v. Byrd*, 710 F. Supp.

12  1292, 1293 (N.D. Cal. 1989).

13    13.    Under the "nerve center" test, EMC's principal place of business is clearly in

14  Massachusetts. As explained above, the Company's executive and administrative

15  functions overwhelmingly occur in Massachusetts. For example, as noted above, most of

16  EMC's executive officers are based out of EMC's headquarters in Hopkinton,

17  Massachusetts. Close Decl. ¶ 5. From its headquarters in Massachusetts, EMC makes

18  and implements operating, financial, marketing, development, accounting, treasury and

19  legal decisions and policies concerning the corporation. Close Decl. ¶ 6. In short,

20  because EMC's executive and administrative functions clearly are concentrated in

21  Massachusetts, under the "nerve center" test as well, Massachusetts is EMC's principal

22  place of business. *See Tosco*, 236 F.3d at 500.

23    14.    Legato's citizenship has no effect on the Court's jurisdiction. It is irrelevant

24  because Legato was acquired by EMC in 2003 and no longer exists. *See* Complaint ¶ 14;

25  Close Decl. ¶ 9. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986)

26  (after merger only the citizenship of the surviving corporation is relevant to diversity

27  jurisdiction). In any event, under CAFA, there need only be diversity of citizenship

28  between any plaintiff and any defendant. 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff is

1    a citizen of California and EMC is a citizen of Massachusetts, the Court has jurisdiction

2    over this action.

3          15.    **Amount in Controversy**.  EMC states, for purposes of this Notice only, that

4    if Plaintiff prevailed on the claims asserted in this action, the requested monetary

5    recovery would exceed five million dollars.[2]

6          16.    Based on the allegations pled in his Complaint, the class Plaintiff seeks to

7    represent would, if established, include at least 121 individuals who worked for EMC for

8    some period between February 23, 2003 and February 23, 2007.  *See* Dube Decl. ¶ 6.  On

9    average, these 121 individuals worked 66 weeks in one of the relevant positions during

10   the class period and were eligible to earn an annual salary of approximately $70,000.  *See*

11   Dube Decl. ¶ 7.  This annual salary translates to an average hourly rate of approximately

12   $33.65 per hour.[3]

13         17.    For his third cause of action, Plaintiff claims that EMC owes penalties for

14   failing to issue accurate itemized wage statements, in violation of California Labor Code

15   § 226.  Under Section 226, an employee is entitled to recover either his or her actual

16   damages, or penalties amounting to $50 for the first pay period in which a violation of the

17   statute occurs and $100 for each subsequent violation, up to a maximum aggregate

18   penalty of $4,000.  Plaintiff apparently claims that each class member received an

19   inaccurate wage statement in, and is due a penalty for, any pay period in which he or she

20   worked any "overtime" or did not receive even one rest break.  Approximately 38 of the

21   121 individuals in the class Plaintiff purports to represent worked in a relevant position

22   for at least 41 pay periods during the class period and thus could potentially recover the

23   maximum aggregate penalty of $4,000.  The remaining 83 individuals worked an average

24   of at least 22 pay periods in the relevant positions during the class period and thus could

25   _____

26   [2] A defendant may make the requisite showing by setting forth additional facts in the notice of
     removal or by affidavit.  *See Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal.

27   2004).

         [3] The hourly rate of a salaried employee is equal to one-fortieth (1/40) of that employee's weekly

28   salary.  I.W.C. Wage Order No. 7 § 3(A)(1)(c).

                                                    6

1    be entitled to a penalty of at least $2,150, on average.  Consequently, the total amount in

2    controversy with respect to Plaintiff's claim under Section 226 is approximately

3    $330,000.

4         18.    For his second cause of action, Plaintiff claims that EMC owes penalties for

5    failing to provide members of the putative class with proper rest periods, in violation of

6    California Labor Code §§ 226.7 and 512.  Under Section 226.7, an employee is entitled

7    to recover one additional hour of pay at the regular rate for each work day in which a rest

8    period is not provided.  Plaintiff seeks penalties for the four years prior to the filing of his

9    Complaint.[4]  On average, the 121 individuals identified above worked approximately 65

10   weeks in the relevant positions during that period.  Dube Decl., ¶ 8.  Assuming that they

11   were denied even three rest breaks per week on average, they would be entitled to an

12   average aggregate penalty of approximately $6,557.85 (*i.e.*, $33.63 times three alleged

13   violations times 65 weeks).  Accordingly, with respect to all 121 individuals, the amount

14   in controversy with respect to Plaintiff's rest break claim is approximately $793,500.

15        19.    For his first cause of action, Plaintiff alleges that EMC failed to pay

16   overtime compensation to individuals within the class he seeks to represent.  Based on

17   the median annual salary of the 121 individuals described above, the overtime rate is

18   $50.45.[5]  Again, on average, these individuals worked approximately 65 weeks in the

19   relevant positions during the class period.  Assuming, for purposes of this Notice only,

20   that these individuals averaged 9.8 hours of overtime per week, should Plaintiff prevail,

21   they could be entitled to unpaid overtime totaling approximately $32,136.65, on average.

22   Accordingly, with respect to all 121 individuals, the amount in controversy with respect

23   to the overtime claim exceeds $3,888,535.

---

[4] The law is unsettled regarding the statute of limitations that applies to rest break claims.
*Compare Corder v. Houston's Restaurants, Inc.*, 424 F. Supp. 2d 1205, 1210 (C.D. Cal. 2006) (applying a one-year statute of limitations) *with Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891, 896 (C.D. Cal. 2005) (applying a three-year statute of limitations).

[5] The overtime rate is calculated at one-and-one-half times the average hourly rate.

7

20.   Further, if successful, Plaintiff is expected to seek statutory attorney's fees in connection with his claims.  Although EMC denies that Plaintiff is entitled to any attorney's fees, where attorney's fees are provided by statute, the amount of those fees is also included in the amount-in-controversy for purposes of diversity jurisdiction. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

21.   In sum, when the penalties at issue—more than $1,123,500—are combined with the overtime compensation at issue and statutory fees and costs, the total amount in controversy exceeds the $5,000,000 threshold.

22.   **Venue**. The United States District Court for the Southern District of California is the judicial district embracing the place where Case No. GIC 880720 was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

23.   There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, EMC requests that the above action now pending against it in the Superior Court of California, San Diego County, be removed therefrom to this Court.

Dated: April 11, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
CATHERINE A. CONWAY
GREGORY W. KNOPP
DAMIEN P. DELANEY


By _____
         Gregory W. Knopp
Attorneys for EMC CORPORATION, INC.

8

# DECLARATION OF DAMIEN P. DELANEY

I, Damien P. DeLaney, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice in the State of California and an associate with the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for Defendant EMC Corporation, Inc. in this action. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto. I submit this declaration in support of EMC Corporation, Inc.'s Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1376, 1441, 1446, and 1453.

2.      On February 23, 2007, a Complaint was filed against EMC Corporation, Inc. in the Superior Court of California, County of San Diego, as Case No. GIC 880720, entitled STEVE LANGILLE, an individual, on behalf of himself, and on behalf of all persons similarly situated, Plaintiff, vs. EMC CORPORATION, INC., a Massachusetts Corporation, LEGATO SYSTEMS, INC., a Massachusetts Corporation, and Does 1 to 100, Defendants. On March 12, 2007, EMC was served with the Complaint.

3.      Attached hereto as Exhibit A is a true and correct copy of the Summons, Complaint, and Proof of Service.

4.      Attached hereto as Exhibit B is a true and correct copy of the Civil Case Cover Sheet, Notice of Case Assignment, Stipulation To Use Of Alternative Dispute Resolution Process, and Notice of Case Reassignment Due To Challenge, Recusal or Special Assignment served with the Summons and Complaint.

5.      Attached hereto as Exhibit C is a true and correct copy of EMC's Answer to Plaintiffs' Complaint filed in the Superior Court of California, County of San Diego on April 9, 2007.

6.      There have been no further proceedings in case number GIC 880720, and no other pleadings have been filed or served upon Plaintiff or EMC in this action.

DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1376, 1441, 1446, AND 1453

1

2          I declare under penalty of perjury under the laws of the United States that the

3    foregoing is true and correct.

4                Executed on this 11th day of April, 2007, in Los Angeles, California.

5

6

7                                                Damien P. DeLaney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1376, 1441, 1446, AND 1453

## DECLARATION OF KEVIN CLOSE

I, Kevin Close, hereby declare as follows.

1.  I am over eighteen years of age and have personal knowledge of the facts set forth in this declaration and would testify competently to them if called as a witness.

2.  I am employed by EMC Corporation ("EMC") as the Senior Director of Executive and Global Compensation.  In that position, I am familiar with and have personal knowledge of EMC's corporate structure, workforce distribution and general business affairs.

3.  EMC is a corporation formed under the laws of the state of Massachusetts and has been so since August 23, 1979.

4.  EMC maintains its headquarters at 176 South Street, Hopkinton, Massachusetts 01748.  EMC's executive and administrative operations are centrally managed from this location.

5.  The executive officers of EMC, including the Chairman, President and Chief Executive Officer; the Vice Chairman; the Executive Vice President and Chief Financial Officer, the Executive Vice President and General Counsel; and the Executive Vice President of Human Resources all maintain their offices at EMC's headquarters in Massachusetts.

6.  From its headquarters in Massachusetts, EMC makes and implements operating, financial, marketing, development, accounting, treasury and legal decisions and policies concerning the corporation.

7.  Meetings of EMC's board of directors routinely take place in Massachusetts.

8.  Currently, EMC employs approximately 16,840 individuals in the United States.  EMC employs more than 7,700 individuals in Massachusetts.  EMC does not employ as many individuals in any other state.  Specifically, EMC employs fewer than 2,000 individuals in California.

9.  In October 2003, Legato Systems, Inc. ("Legato") merged into EMC Corporation and ceased to exist as of that date.

11

1    10.    I declare under penalty of perjury under the laws of the United States that

2  the foregoing declaration consisting of ten numbered paragraphs is true and correct, and

3  is based upon personal knowledge.

4

5    Executed this 9th day of April, 2007, at Hopkinton, Masssachusetts.

6

7

8                                                    _____

9                                                    Kevin Close

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§
1332(D)(2), 1376, 1441, 1446, AND 1453

## DECLARATION OF SUSAN DUBE

I, Susan Dube, hereby declare as follows.

1.      I am over eighteen years of age and have personal knowledge of the facts set forth in this declaration and would testify competently to them under oath if called as a witness.

2.      I am employed by EMC Corporation ("EMC") as the Director of HRIS.

3.      EMC maintains a Human Resources / Information System computer database called Peoplesoft.  EMC uses the database to track and monitor personnel data.  As part of my regular duties, I process queries in order to extract information from the Peoplesoft database.  The information contained below was extracted from Peoplesoft, and the calculations described were performed using that information.

4.      Among other information, the Peoplesoft database includes the current and historical job titles of EMC employees.  The database also includes current and historical work locations and salary information for EMC employees.

5.      Jobs at EMC are typically assigned to a numerical job grade.  During his employment with EMC, Steve Langille worked as a Software Engineer (QA) in a grade 52 job.  The grade immediately below grade 52 is grade 51.  Grades 51 and 52 both include employees working as software engineers who are designated as exempt from California's overtime laws.

6.      Based on the information contained in Peoplesoft, during the period from February 23, 2003 to February 23, 2007, EMC employed at least 121 different individuals working as software engineers in California within job grades 51 and 52.

7.      Using each individual's lowest salary while employed within job grades 51 or 52 and within California, the median salary of the 121 individuals described in paragraph 6 is approximately $70,000 per year.

8.      Based on the information in Peoplesoft, the average amount of time that the 121 individuals were employed in a grade 51 or 52 position in California during the period from February 23, 2003 to February 23, 2007 was at least 66 weeks.

13

9.      Based on the data in Peoplesoft, since February 23, 2003, at least 38 of the 121 individuals that worked in a grade 51 or 52 software engineering job in California were employed in those positions for at least 41 pay periods.  On average, the remaining 83 individuals worked in grade 51 or 52 software engineering jobs for at least 22 pay periods since February 23, 2003.

10.      I declare under penalty of perjury under the laws of the United States that the foregoing declaration of ten numbered paragraphs is true and correct, and is based upon personal knowledge.

Executed this 9th day of April, 2007, at Hopkinton, Massachusetts.


*Susan Dube*
Susan Dube

---

14

**Exhibit A**

8:50 a.m.     03/12/07

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EMC Corporation, INC., a Massachusetts Corporation,. and LEGATO
SYSTEMS, INC., a Massachusetts Corporation, and Does 1 to 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEVE LANGILLE, an individual, on behalf of himself, and on behalf
of all persons similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2007 FEB 23  P 3:35

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.   Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOUR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>301 West Broadway<br>San Diego, CA  92101 | **CASE NUMBER:**<br>*(Número del Caso):*  GIC  880720 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman Blumenthal (Bar # 068687)            Phone No. (858) 551-1223
Blumenthal & Nordrehaug                          Fax No.  (858) 551-1232
2255 Calle Clara, La Jolla, CA 92037

DATE: FEB 2 3 2007          Clerk, by ____WYNNIE S. ABELLA____ , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: *Emc Corporation, Inc., a Massachusetts Corporation*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 485
*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT** *A* **PAGE** *15*

1  **BLUMENTHAL & NORDREHAUG**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6  Walter Haines, Esq. (CSB #71075)
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9
   Attorneys for Class Plaintiff
10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **IN AND FOR THE COUNTY OF SAN DIEGO**

13

14  STEVE LANGILLE, an individual, on behalf      CASE No._____
    of himself, and on behalf of all persons
15  similarly situated,                           **CLASS ACTION**

16              Plaintiff,                        COMPLAINT FOR DAMAGES,
                                                  RESTITUTION, AND INJUNCTIVE
17  vs.                                           RELIEF:

18  EMC CORPORATION, INC., a                      (1) FAILURE TO PAY OVERTIME
    Massachusetts Corporation, LEGATO             COMPENSATION IN VIOLATION OF
19  SYSTEMS, INC., a Massachusetts                CAL. LAB. CODE §§ 510, 515.5, 1194
    Corporation, and Does 1 to 100.               AND 1198;
20
              Defendants.                         (2) FAILURE TO PROVIDE REST
21                                                PERIODS IN VIOLATION OF CAL. LAB.
                                                  CODE §§ 226.7 AND 512;
22
                                                  (3) FAILURE TO PROVIDE ACCURATE
23                                                ITEMIZED STATEMENTS IN VIOLATION
                                                  OF LABOR CODE § 226; and,
24
                                                  (4) UNFAIR COMPETITION IN
25                                                VIOLATION OF CAL. BUS. & PROF.
                                                  CODE § 17200 *et seq.*
26
                                                  DEMAND FOR A JURY TRIAL
27

28

                                    1
                               COMPLAINT

**EXHIBIT** _A_ **PAGE** _16_

1        This class action is brought on behalf of STEVE LANGILLE (hereinafter "PLAINTIFF") as a

2  Software Test Engineer and all present and former employees employed in California by defendants

3  EMC CORPORATION, INC. and LEGATO SYSTEMS, INC. (hereinafter collectively

4  "DEFENDANTS") who, on the basis of their job title, have been uniformly misclassified by EMC

5  CORPORATION, INC. (hereinafter "EMC") and LEGATO SYSTEMS, INC. (hereinafter "LEGATO")

6  as exempt from overtime wages and other labor laws.  All allegations in this Complaint are based upon

7  information and belief except for those allegations which pertain to the PLAINTIFF named herein and his

8  counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary

9  support after a reasonable opportunity for further investigation and discovery.  Plaintiff seeks an

10  injunction enjoining such conduct by DEFENDANTS in the future and a monetary award for all those

11  class members who have been economically injured by DEFENDANTS' past conduct.

12

13                  **JURISDICTION AND VENUE**

14     1.    This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10.

15  The action is brought pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781 *et seq.*  PLAINTIFF

16  brings this action on their own behalf, and on behalf of all persons within the Class as hereinafter defined.

17     2.    Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because

18  the DEFENDANTS have and at all relevant times maintained their offices in San Diego County,

19  California and committed the wrongful conduct against members of the class in San Diego County,

20  California.

21

22

23                    **CLASS DEFINITION**

24     3.    The CLASS consists of all California residents who are current and former employees of

25  DEFENDANTS who held the position of Software Test Engineer and similarly situated positions, and

26  who worked the more than eight (8) hours in any given day and/or more than forty (40) hours in any

27  given week during the period commencing on the date that is within four years prior to the filing of this

28  complaint and through the class period cutoff date (the "Class Period"), and who were not paid overtime

2
COMPLAINT

1  compensation pursuant to the applicable California Labor Code and Industrial Welfare Commission
2  Wage Order Requirements (the "CLASS"). To the extent equitable tolling operates to toll claims by the
3  CLASS against Defendants, the Class period should be adjusted accordingly. The CLASS includes all
4  such persons, whether or not they were paid by commission, by salary, or by part commission and part
5  salary.

6      4.     DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation
7  of the applicable California Labor Code ("Labor Code") and Industrial Welfare Commission ("IWC")
8  Wage Order Requirements intentionally and knowingly, on the basis of job title alone and without regard
9  to the actual overall requirements of the job, systematically misclassified the PLAINTIFF and the other
10 members of the CLASS as exempt from overtime wages and other labor laws in order to avoid the
11 payment of overtime wages by misclassifying their positions as exempt from overtime wages and other
12 labor laws. To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the
13 Class Period should be adjusted accordingly.

14     5.     DEFENDANTS have intentionally and deliberately created numerous job levels and a
15 multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in fact, these
16 jobs are substantially similar and can be easily grouped together for the purpose of determining whether
17 they are exempt from overtime wages. One of DEFENDANTS' purposes in creating and maintaining
18 this multi-level job classification scheme is to create a roadblock to discovery and class certification for
19 all employees similarly misclassified as exempt. DEFENDANTS have uniformly misclassified these
20 CLASS members as exempt and denied them overtime wages and other benefits to which non-exempt
21 employees are entitled in order to unfairly cheat the competition and unlawfully profit.

22     6.     DEFENDANTS maintain records from which the Court can ascertain and identify by job
23 title each of DEFENDANTS' employees who as CLASS members have been systematically,
24 intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate policy,
25 practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional
26 job titles when they have been identified.

27

28

3
COMPLAINT

## CLASS ALLEGATIONS

7.    PLAINTIFF STEVE LANGILLE was, at all material times mentioned herein, an individual who resided in California.  His employment in a job titled Software Test Engineer by Defendant LEGATO, in California, began in September of the year 2000.  Mr. Langille, solely on the basis of his job title, was misclassified by LEGATO as exempt, without regard to LEGATO's realistic expectations and actual overall requirements of the job.  Mr. Langille suffered an economic injury as the result of his misclassification by LEGATO as exempt in that he worked during the class period more than eight (8) hours a day and more than forty (40) hours a week but did not receive overtime compensation as required by law.  LEGATO also failed to provide Mr. Langille with statutorily required rest period breaks during the class period.

8.    PLAINTIFF STEVE LANGILLE began employment in a job titled Software Test Engineer by Defendant EMC in October of the year 2003 after EMC acquired LEGATO.  Mr. Langille, holding the same job title and performing the same job junctions as he did with LEGATO, solely on the basis of his job title, was misclassified by EMC as exempt, without regard to Legato's realistic expectations and actual overall requirements of the job.  Mr. Langille suffered an economic injury as the result of his misclassification by EMC as exempt in that he worked during the Class Period more than eight (8) hours a day and more than forty (40) hours a week but did not receive overtime compensation as required by law. EMC also failed to provide Mr. Langille with statutorily required rest period breaks during the class period.

9.    The California Legislature has commanded that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek... ...shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code §510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code §510(a).)

EXHIBIT____A____PAGE___19___

1      10.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action

2   as set forth in California Code of Civil Procedure § 382, in that:

3              (a)     The persons who comprise the CLASS are so numerous that the joinder of all such

4   persons is impracticable and the disposition of their claims as a class will benefit the parties and the

5   Court;

6              (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

7   raised in this Complaint are common to the CLASS and will apply uniformly to every member of the

8   CLASS;

9              (c)     The claims of the representative PLAINTIFF are typical of the claims of each

10  member of the CLASS.  PLAINTIFF, like all other members of the CLASS, was systematically

11  misclassified as exempt and sustained economic injuries arising from DEFENDANTS' violations of the

12  laws of California. PLAINTIFF and the members of the CLASS were and are similarly or identically

13  harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the

14  Defendants of systematically misclassifying as exempt all Software Test Engineers solely on the basis of

15  their job title and without regard to DEFENDANTS' realistic expectations and the actual, overall

16  requirements of the job resulting in economic injury to employees so misclassified.

17             (d)     The representative PLAINTIFF will fairly and adequately represent and protect the

18  interest of the CLASS, and has retained counsel who are competent and experienced in Class Action

19  litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the

20  members of the CLASS that would make class certification inappropriate.  Counsel for the CLASS will

21  vigorously assert the claims of all Class Members.

22      11.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly

23  maintained as a Class Action pursuant to Cal. Code of Civil Procedure § 382, in that:

24             (a)     Without class certification and determination of declaratory, injunctive, statutory

25  and other legal questions within the class format, prosecution of separate actions by individual members

26  of the CLASS will create the risk of:

27                     1)     Inconsistent or varying adjudications with respect to individual members of

28

5
COMPLAINT

1 the CLASS which would establish incompatible standards of conduct for the parties opposing the
2 CLASS; or,

3                2)     Adjudication with respect to individual members of the CLASS which
4 would as a practical matter be dispositive of interests of the other members not party to the adjudication
5 or substantially impair or impede their ability to protect their interests.

6         (b)     The parties opposing the CLASS have acted on grounds generally applicable to the
7 CLASS, making appropriate class-wide relief with respect to the CLASS as a whole in that the
8 Defendants systematically misclassified as exempt all Software Test Engineers solely on the basis of their
9 job title and without regard to EMC's realistic expectations and actual overall requirements of the job.

10         (c)     Common questions of law and fact exist as to the members of the CLASS and
11 predominate over any question affecting only individual members, and a Class Action is superior to other
12 available methods for the fair and efficient adjudication of the controversy, including consideration of:

13              1)     The interests of the members of the CLASS in individually controlling the
14 prosecution or defense of separate actions;

15              2)     The extent and nature of any litigation concerning the controversy already
16 commenced by or against members of the CLASS;

17              3)     The desirability or undesirability of concentrating the litigation of the
18 claims in the particular forum;

19              4)     The difficulties likely to be encountered in the management of a Class
20 Action; and,

21              5)     The basis of DEFENDANTS misclassifying PLAINTIFF and the Class as
22 exempt by job title.

23     12.    This Court should permit this action to be maintained as a Class Action pursuant to
24 California Code of Civil Procedure § 382 because:

25         (a)     The questions of law and fact common to the CLASS predominate over any
26 question affecting only individual members;

27         (b)     A Class Action is superior to any other available method for the fair and efficient

28

6
COMPLAINT

**EXHIBIT** _A_ **PAGE** _21_

1  adjudication of the claims of the members of the CLASS;

2  (c)  The members of the CLASS are so numerous that it is impractical to bring all

3  members of the CLASS before the Court;

4  (d)  PLAINTIFF, and the other CLASS members, will not be able to obtain effective

5  and economic legal redress unless the action is maintained as a Class Action;

6  (e)  There is a community of interest in obtaining appropriate legal and equitable relief

7  for the common law and statutory violations and other improprieties, and in obtaining adequate

8  compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the

9  CLASS;

10  (f)  There is a community of interest in ensuring that the combined assets and available

11  insurance of DEFENDANTS are sufficient to adequately compensate the members of the CLASS for the

12  injuries sustained;

13  (g)  DEFENDANTS have acted or refused to act on grounds generally applicable to the

14  CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole; and

15  (h)  The members of the CLASS are readily ascertainable from the business records of

16  DEFENDANTS.  The CLASS consists of all DEFENDANTS' Software Test Engineers and similarly

17  situated jobs whose classification by DEFENDANTS as exempt solely on the basis of their job title and

18  without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job.

19  DEFENDANTS, as a matter of law, have the burden of proving the basis for the exemption as to each

20  and every Technical Service Engineer.  To the extent that DEFENDANTS have failed to maintain records

21  sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties,

22  wages, and hours worked) for any Software Test Engineer, DEFENDANTS are estopped, as a matter of

23  law,  to assert  the existence of the exemption.

24

25  **DEFENDANTS**

26  13.  Defendant EMC, at all times during the class period was a Massachusetts Corporation

27  with its principal place of business in the State of California.  EMC was the employer of PLAINTIFF

28

EXHIBIT  A  PAGE  ZZ

1  Steve Langille and is or was the current and/or former employer of the putative CLASS members during
2  the class period. EMC systematically, failed to pay overtime compensation to members of the CLASS as
3  a matter of corporate policy, practice and procedure.

4       14.   Defendant EMC is the successor in interest to LEGATO, a Massachusetts corporation with
5  its principal place of business in the State of California, and that as a result of a merger, Defendant EMC
6  assumed all assets and liabilities of Defendant LEGATO, including the liabilities to Plaintiff and the
7  Class alleged in this action.  Defendant LEGATO was the employer of PLAINTIFF Steve Langille and is
8  or was the current and/or former employer of the putative CLASS members during the class period.
9  LEGATO systematically, failed to pay overtime compensation to members of the CLASS as a matter of
10  corporate policy, practice and procedure. Collectively, all persons or entitled herein alleged as defendants
11  are referred to as "DEFENDANTS".

12       15.   The true names and capacities, whether individual, corporate, subsidiary, partnership,
13  associate or otherwise of defendant Does 1 through 100, inclusive, are unknown to PLAINTIFF who
14  Therefore sue these defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  The
15  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1
16  through 100, inclusive, when they are ascertained.

17       16.   DEFENDANTS named in this Complaint, including Does 1 through 100, inclusive, are
18  responsible in some manner for one or more of the events and happenings that proximately caused the
19  injuries and damages hereinafter alleged.

20       17.   DEFENDANTS named in this Complaint, including Does 1 through 100, inclusive, are,
21  and at all times mentioned herein were, the agents, servants, and/or employees of each of the other
22  defendants and that each defendant was acting within the course of scope of his, her or its authority as the
23  agent, servant and/or employee of each of the other defendants.  Consequently, all the defendants are
24  jointly and severally liable to the PLAINTIFF and the other members of the CLASS, for the losses
25  sustained as a proximate result of DEFENDANTS' conduct.

26

27

28

8<br>COMPLAINT

## THE CONDUCT

18.    PLAINTIFF Steve Langille was hired by defendant LEGATO on or about September of the year 2000 in a job titled Software Test Engineer and continued working in this capacity with EMC in 2003 after the two companies merged in October of 2003. Mr. Langille functioned as a working member on the production side of a Quality Assurance Team, where his job duties were to test computer software for problems and apply his knowledge to document software problems customers may deal with as a result of such problems found during testing. When such problems with the software no longer persisted, PLAINTIFF would recommend to the next level of Software Test Engineers that the program was fit for the customer and free of software related problems. During the Class Period, Mr. Langille, as a Software Test Engineer on the production side of his team, was nevertheless classified by EMC as exempt from overtime pay and worked more that eight (8) hours a day and more than forty (40) hours a week during the class period. In addition, Mr. Langille was not provided with rest period breaks during the class period.

19.    Considerations such as the EMC's realistic expectations for the job titled Software Test Engineer on the production side of the DEFENDANTS' business enterprise, in the Quality Assurance Team of which he was a member, and the actual overall requirements of the job titled Software Test Engineer are susceptible to common proof. The fact that his work and those of other similarly situated employees involved a computer and/or a specialized skill set in a defined technical area does not mean that the Plaintiff and other members of the CLASS are exempt from overtime wages. Indeed, the exercise of discretion and independent judgment must be more than the use of a highly technical skill set described in a manual or other sources.

20.    DEFENDANTS systematically misclassified, as exempt PLAINTIFF and all other members of the CLASS solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job. Consequently, PLAINTIFF and the other members of the CLASS were uniformly and systematically exempted from payment for overtime wages for hours worked in excess of eight hours per day and/or forty hours per week during the class period.

9
COMPLAINT

EXHIBIT __A__ PAGE __24__

21.   Industrial Welfare Commission Wage Order No. 4, sets forth the requirements which must be satisfied in order for an employee to be lawfully classified as exempt.  Although wrongfully classified by DEFENDANTS as exempt at the time of hire and thereafter, PLAINTIFF, and all other members of the similarly- situated CLASS, are not exempt under Industrial Welfare Commission Wage Order No. 4.

22.   Accordingly, and despite the fact that PLAINTIFF, and the other members of the CLASS, regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime compensation and as a result suffered an economic injury.

23.   In addition, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFF and other members of the CLASS, were required to be provided with rest period breaks each workday.  DEFENDANTS failed to provide PLAINTIFF and all other members of the CLASS with the statutorily required rest period breaks during the Class Period which has caused additional economic injuries to PLAINTIFF and other members of the CLASS.

## FIRST CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 515.5, 1194 and 1198]

### (By PLAINTIFF and the CLASS and Against all Defendants)

24.   PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 23 of this Complaint.

25.   Cal. Lab. Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

26.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys fees.  Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

27.   DEFENDANTS have intentionally and uniformly designated certain employees as

10
COMPLAINT

EXHIBIT __A__ PAGE __25__

1   "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations and

2   actual overall requirements of the job, including PLAINTIFF and the other members of the CLASS who

3   worked on the production side of the DEFENDANTS' business enterprise, including the Quality

4   Assurance Teams.  This was done in an illegal attempt to avoid payment of overtime wages and other

5   benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

6       28.   For an employee to be exempt as a bona fide "executive," all the following criteria must

7   be met and DEFENDANTS have the burden of proving that:

8           (a)   The employee's primary duty must be management of the enterprise, or of a

9   customarily recognized department or subdivision; and,

10          (b)   The employee must customarily and regularly direct the work of at least two (2) or

11   more other employees; and,

12          (c)   The employee must have the authority to hire and fire, or to command particularly

13   serious attention to his or his recommendations on such actions affecting other employees; and,

14          (d)   The employee must customarily and regularly exercise discretion and independent

15   judgment; and,

16          (e)   The employee must be primarily engaged in duties which meet the test of

17   exemption.

18   No member of the CLASS was or is an executive because they all fail to meet the requirements of being

19   an "executive" within the meaning of Order No. 4.

20       29.   For an employee to be exempt as a bona fide "administrator," all of the following criteria

21   must be met and DEFENDANTS have the burden of proving that:

22          (a)   The employee must perform office or non-manual work directly related to

23   management policies or general business operation of the employer; and,

24          (b)   The employee must customarily and regularly exercise discretion and independent

25   judgment; and,

26          (c)   The employee must regularly and directly assist a proprietor or an exempt

27   administrator; or,

28

11
COMPLAINT

**EXHIBIT** _A_ **PAGE** _26_

1          (d)     The employee must perform, under only general supervision, work requiring

2  special training, experience, or knowledge, or,

3          (e)     The employee must execute special assignments and tasks under only general

4  supervision; and,

5          (f)     The employee must be primarily engaged in duties which meet the test of

6  exemption.

7  No member of the CLASS was or is an administrator because they all fail to meet the requirements for

8  being an "administrator" under Order No. 4.

9         30.     The Industrial Welfare Commission, ICW Wage Order No. 4, at section (1)(A)(3)(h), at

10  Labor Code § 515, and Cal. Lab. § 515.5 also set forth the requirements which must be complied with to

11  place an employee in the "professional" exempt category. For an employee to be "exempt" as a bona fide

12  "professional", <u>all</u> the following criteria must be met and DEFENDANTS have the burden of proving

13  that:

14          (a)     The employee is primarily engaged in an occupation commonly recognized as a

15  learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means

16  an employee who is primarily engaged in the performance of:

17             1)     Work requiring knowledge of an advanced type in a field or science or

18  learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as

19  distinguished from a general academic education and from an apprenticeship, and from training in the

20  performance of routine mental, manual, or physical processes, or work that is an essential part or

21  necessarily incident to any of the above work; or,

22             2)     Work that is original and creative in character in a recognized field of

23  artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the

24  employee or work that is an essential part of or incident to any of the above work; and,

25             3)     Whose work is predominately intellectual and varied in character (as

26  opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be

27  standardized in relation to a given period of time.

28

EXHIBIT ___4___ PAGE __Z7__

1        (b)     The employee must customarily and regularly exercise discretion and independent

2 judgment; and.

3        (c)     The employee earns a monthly salary equivalent to no less than two (2) times the

4 state minimum wage for full-time employment.  No member of the CLASS was or is a professional

5 because they all fail to meet the requirements of being a "professional" within the meaning of Order No.

6 4.

7      In particular, for an employee to be "exempt" as a bona fide "professional" with respect to the

8 requirements for a computer software employee, <u>all</u> the following criteria must be met and EMC has the

9 burden of proving that:

10       (a)     The employee must primarily perform work which is intellectual or creative and

11 that requires the exercise of discretion and independent judgment; and,

12       (b)     The employee is primarily engaged in duties which consist of one or more of the

13 following:

14          1)     the application of systems analysis techniques and procedures, including

15 consulting with users, to determine hardware, software, or system functional specifications;

16          2)     the design, development, documentation, analysis, creation, testing or

17 modification of computer systems or programs, including prototypes, based on and related to user or

18 system design specifications;

19          3) the documentation, testing, creation or modification of computer programs

20 related to the design of the software or hardware for computer operating systems; and,

21       (c)     The employee must be highly skilled and proficient in the theoretical and practical

22 application of highly specialized information to computer systems analysis, programming and software

23 engineering.  A job title shall not be determinative of the applicability of this exemption; <u>and</u>,

24       (d)     The employee's hourly rate of pay is not less than forty-one dollars ($ 41.00), or

25 the annualized full-time salary equivalent of that rate, provided that all other requirements of this section

26 are met and that in each workweek the employee receives not less than forty-one dollars ($ 41.00) per

27 hour worked. This is the rate which is adjusted by the DLSR on October 1 of each year to be effective on

28

13

COMPLAINT

**EXHIBIT** A **PAGE** 28

1  January 1 of the following year by an amount equal to the percentage increase in the California Consumer

2  Price Index for Urban Wage Earners and Clerical Workers.

3          1)      The adjusted rates for each year of the Class Period are as follows: In 2002,

4  the rate was $42.64. In 2003, the rate was $43.58. In 2004, the rate was $44.63. In 2005, the rate was

5  $45.84. In 2006, the rate was $47.81. No member of the CLASS was or is an exempt "Computer

6  Software Employee" because they all fail to meet the requirements of Order No. 4.

7          PLAINTIFF and all members of the CLASS were paid less than these amounts during the Class

8  Period.

9      31.     PLAINTIFF, and other members of the CLASS, do not fit the definition of an exempt

10  executive, administrative, or professional employee because:

11          (a)     They did not work as executives or administrators; and,

12          (b)     The professional exemption articulated in Wage Order No. 4, section (1)(A)(3)(h)

13  and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code § 515.5, do not

14  apply to PLAINTIFF, or to the other members of the CLASS, because they are either computer software

15  employees paid less than the requisite amount set forth in Cal. Lab. § 515.5(a)(4) and under subdivision

16  (1)(A)(3)(h)(iv) of Order No. 4, and/or did not otherwise meet all the applicable requirements to work

17  under the exemption of computer software employee.

18      32.     During the class period, the PLAINTIFF, and other members of the CLASS, worked more

19  that eight hours in a workday, and/or more than forty hours in a work week.

20      33.     At all times relevant times, DEFENDANTS failed to pay PLAINTIFF, and other members

21  of the CLASS, overtime compensation for the hours they have worked in excess of the maximum hours

22  permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFF, and the

23  other members of the CLASS, were regularly required to work, and did in fact work, overtime hours.

24      34.     By virtue of DEFENDANTS' unlawful failure to pay addition compensation to the

25  PLAINTIFF, and the other members of the CLASS, for their overtime hours, the PLAINTIFF, and the

26  other members of the CLASS, have suffered, and will continue to suffer, an economic injury in amounts

27  which are presently unknown to them and which will be ascertained according to proof at trial.

28

14<br>COMPLAINT

35.   DEFENDANTS knew or should have known that PLAINTIFF, and the other members of the CLASS, were misclassified as exempt and DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

36.   PLAINTIFF, and the other members of the CLASS, request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment of any statutory penalties against DEFENDANTS EMC and LEGATO, in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

37.   In performing the acts and practices herein alleged in violation of labor laws and refuding to provide the requisite overtime compensation, the DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the Class.

## SECOND CAUSE OF ACTION

### For Failure To Provide Rest Periods

### [Cal. Lab. Code §§ 226.7 and 512]

### (By PLAINTIFF and the CLASS and Against All DEFENDANTS)

38.   PLAINTIFF, and the other members of the CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 37 of this Complaint.

39.   Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

40.   Cal. Lab. Code § 226.7 provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the

15
COMPLAINT

EXHIBIT____A____ PAGE___30

1  employee's regular rate of compensation for each workday that the rest period is not provided.

2      41.      DEFENDANTS have intentionally and improperly denied rest periods to PLAINTIFF,

3  and other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

4      42.      At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, have

5  worked more than four hours in a workday.  At all times relevant hereto, DEFENDANTS failed to

6  provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

7      43.      By virtue of DEFENDANTS' unlawful failure to provide rest periods to them,

8  PLAINTIFF, and other members of the CLASS, have suffered, and will continue to suffer, damages in

9  the amounts which are presently unknown to them, but which will be ascertained and established

10  according to proof at trial.

11      44.      PLAINTIFF is informed and believe, and based upon that information and belief alleges,

12  that DEFENDANTS know or should have known that the PLAINTIFF, and the other members of the

13  CLASS, were entitled to rest periods but purposely elected not to provide these mandated periods.

14      45.      PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover

15  reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

16      46.      In performing the acts and practices herein alleged in violation of the labor laws, the

17  DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the

18  PLAINTIFF, and toward the other members of the CLASS, with a conscious and utter disregard of their

19  rights, or the consequences to them, and with the despicable intent of depriving them of their property

20  and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of

21  PLAINTIFF and the other members of the CLASS.

23  **THIRD CAUSE OF ACTION**

24  **For Failure to Provide Accurate Itemized Statements**

25  **[Cal. Lab. Code § 226]**

26  **(By PLAINTIFF and the CLASS and against All Defendants)**

27      47.      PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this

28

16

COMPLAINT

EXHIBIT___A___PAGE___3 1

1  reference, as though fully set forth herein, paragraphs 1 through 46 of this Complaint.

2      48.    Cal. Labor Code § 226 provides that an employer must furnish employees with "an

3  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the

4  employee, except for any employee whose compensation is solely based on a salary and who is exempt

5  from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial

6  Welfare Commission, (3) the number of piecerate units earned and any applicable piece rate if the

7  employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written

8  orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

9  dates of the period for which the employee is paid, (7) the name of the employee and his or her social

10  security number, except that by January 1, 2008, only the last four digits of his or her social security

11  number or an employee identification number other than a social security number may be shown on the

12  itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable

13  hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly

14  rate by the employee."

15      49.    At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that

16  DEFENDANTS failed to properly and accurately itemize the number of hours worked by PLAINTIFF,

17  and the other members of the CLASS at the effective regular rates of pay and the effective overtime rates

18  of pay.

19      50.    DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226,

20  causing damages to PLAINTIFF, and the other members of the CLASS. These damages include, but are

21  not limited to, costs expended calculating the true hours worked and the amount of employment taxes

22  which were not properly paid to state and federal tax authorities. These damages are difficult to estimate.

23  Therefore, PLAINTIFF, and the other members of the CLASS elect to recover liquidated damages of

24  $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in

25  subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial

26  (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein)

27  plus reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

28

COMPLAINT

**EXHIBIT** _A_ **PAGE** 3 2

### FOURTH CAUSE OF ACTION

#### For Unlawful Business Practices

[Cal. Bus. And Prof. Code §.17200 et seq.]

(By PLAINTIFF and the CLASS and against All Defendants)

51.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.    DEFENDANTS are "persons" as that term is defined under Cal. Bus. And Prof. Code § 17021.

53.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

54.    At all times relevant hereto, by and through the conduct described herein, DEFENDANTS have engaged in unfair and unlawful' practices by failing to pay PLAINTIFF, and the other members of the CLASS, overtime compensation, and has failed to provide rest breaks, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. And Prof. Code § 17200 et seq., and have thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges and caused them economic injury as herein alleged.

55.    By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete.

56.    All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and Thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

57.    PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANTS EMC and LEGATO have acquired, or of which PLAINTIFF, and other members of the CLASS, have been

18

COMPLAINT

EXHIBIT___A___PAGE___33___

1   deprived, by means of the above described unfair and unlawful business practices.

2   58.   PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a
3   declaration that the above described business practices are unfair and unlawful and that an injunctive
4   relief should be issued restraining EMC from engaging in any of these unfair and unlawful business
5   practices in the future.

6   59.   PLAINTIFF, and the other members of the CLASS, have no plan, speedy, and/or adequate
7   remedy at law that will end the unfair and unlawful business practices of DEFENDANTS.  As a result of
8   the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the
9   CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANTS are restrained
10  from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANTS
11  should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CLASS.

12

13                                            **PRAYER**

14      WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as
15  follows:

16  **1.    ON THE FIRST CAUSE OF ACTION**

17      A)    For compensatory damages, including lost wages, commissions, bonuses, and other losses,
18  during the period commencing on the date that is four years prior to the date of the filing of this
19  Complaint, according to proof;

20      B)    For general damages, according to proof;

21      C)    For punitive damages, according to proof;

22      D)    For an award of interest, including prejudgment interest at the legal rate;

23      E)    For statutory damages, including reasonable attorneys' fees and cost of suit.

24

25  **2.    ON THE SECOND CAUSE OF ACTION**

26      A)    One hour of pay for each workday in which a rest period break was not provided  for each
27  four hours of work during the period commencing on the date that is within four years prior to the filing

28

                                                 19
                                             COMPLAINT

                                    EXHIBIT___*A*___PAGE_34_

of this Complaint, provided, however, that if the Supreme Court in the *Kenneth Cole Productions* case, S140308, determines that Labor Code § 226.7 is subject to a one year limitations period, then PLAINTIFF seeks penalties for the year preceding filing of the complaint and until the CLASS is certified;

    B)     For punitive damages, according to proof;

    C)     For an award of interest, including prejudgment interest at the legal rate;

    D)     For attorneys' fees and costs.

**3.    ON THE THIRD CAUSE OF ACTION**

    A)     For liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein);

    B)     For general damages, according to proof;

    C)     For punitive damages, according to proof;

    D)     For an award of interest, including prejudgment interest at the legal rate;

    E)     For statutory damages, including reasonable attorneys' fees and cost of suit.

**4.    ON THE FOURTH CAUSE OF ACTION**

    A)     For restitution and restitutionary disgorgement;

    B)     For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

    C)     For other injunctive relief ordering DEFENDANTS to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

**5.    ON ALL CAUSES OF ACTION**

    A)     For such other and further relief as the Court deems just and proper.

EXHIBIT _A_ PAGE 35

1   Dated:   February 15 2007          BLUMENTHAL & NORDREHAUG

2

3                                      By:

4                                          Norman B. Blumenthal
                                           Attorneys for Plaintiff
5
                                       UNITED EMPLOYEES LAW GROUP
6                                      Walter Haines, Esq.
                                       65 Pine Ave, #312
7                                      Long Beach, CA 90802
                                       Telephone: (562) 256-1047
8                                      Facsimile: (562) 256-1006

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      21
                                  COMPLAINT

                        EXHIBIT    A    PAGE    36

## DEMAND FOR JURY TRIAL

Plaintiff demand jury trial on issues triable to a jury.

Dated: February 1 5 2007

BLUMENTHAL & NORDREHAUG

By:

Norman B. Blumenthal
Attorneys for Plaintiff

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

G:\D\NBB\Langille\p-Complaint-Final.wpd

22
COMPLAINT

EXHIBIT____A____PAGE____37

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
03/12/2007
Log Number 512028732

TO:     Paul T Dacier, General Counsel
        EMC Corporation
        176 South Street
        Hopkinton, MA, 01748-9103

RE:     **Process Served in California**

FOR:    EMC Corporation (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Steve Langille, etc., on behalf of himself, and on behalf of all persons similarly situated, Pltf. vs. EMC Corporation, etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Demand for Jury Trial, Notices, Stipulation Form, Cover Sheet |
| COURT/AGENCY: | San Diego County, San Diego, Superior Court of California, CA<br>Case # GIC880720 |
| NATURE OF ACTION: | Employee Litigation - Class Action - Failure to pay overtime compensation, provide rest periods and provide accurate itemized statements |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/12/2007 at 08:50 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service - file written response |
| ATTORNEY(S) / SENDER(S): | Norman B. Blumenthal<br>Blumenthal & Nordrehaug<br>2255 Calle Clara<br>La Jolla, CA, 92037<br>(858) 551-1223 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 791250843730<br>Email Notification, Joan Ahern AHERN_JOAN@EMC.COM |
| SIGNED: | C T Corporation System |
| PER: | Dianne Christman |
| ADDRESS: | 818 West Seventh Street<br>Los Angeles, CA, 90017 |
| TELEPHONE: | 213-337-4615 |

Page 1 of  1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**EXHIBIT** _____A_____  **PAGE** ___38___

**Exhibit B**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:

Norman Blumenthal (State Bar # 068687)
Blumenthal & Nordrehaug
2255 Calle Clara, La Jolla, CA 92037

TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232

ATTORNEY FOR *(Name)*: Steve Langille, Plaintiff

**CM-010**

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 301 West Broadway
MAILING ADDRESS: 301 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

2007 FEB 23   P 4:22

CASE NAME:

Langille v. EMC Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER GIC 880720 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):* Four (4)

5. This case [X] is [ ] is not   a class action suit.

6. This case [ ] is [X] is not   a collections case under rule 3.740.

7. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 15, 2007

Norman Blumenthal
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, or a collections case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403,
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

**EXHIBIT** B   **PAGE** 39

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

~~To Parties in Collections Cases. A "collections case" is defined as an action for recovery of money owed in a sum stated to be~~ certain that is not more than $25,000, exclusive of interest, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: 1) tort damages, 2) punitive damages, 3) recovery of real property, 4) recovery of personal property, or 5) a prejudgment writ of attachment. The identification of a case as a collections case on this form means that it will be exempt from the general time for service requirements and case management rules, unless a defendant files a responsive pleading. A collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10) Claims
   Involving Mass Tort (40) Securities
   Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT** B **PAGE** 40

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

NORMAN B. BLUMENTHAL,
BLUMENTHAL & NORDREHAUG
2255 CALLE CLARA
LA JOLLA, CA  92037

| | |
|---|---|
| STEVE LANGILLE | Case No.:  GIC880720 |
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | |
| EMC CORPORATION INC | Judge:  WILLIAM R. NEVITT, JR. |
| Defendant(s) | Department:  64 |
| | Phone:  619-685-6031 |

COMPLAINT FILED  02/23/07

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil consists of all cases except:  Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing.  This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.  SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE.  THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10.  THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

**CERTIFICATE OF SERVICE**
I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at  SAN DIEGO California.

DATED: 02/23/07

BY:  CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev 7-03)         ASG-NOTICE OF CASE ASSIGNMENT

**EXHIBIT** $B$   PAGE  41

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

| | |
|---|---|
| STEVE LANGILLE | **Case No.:**   GIC880720 |
| Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** |
| vs. | (CRC 1590.1) |
| EMC CORPORATION INC | Judge:   WILLIAM R. NEVITT, JR. |
| Defendant(s) | Department:   64 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify): _____

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate: (mediation & arbitration only) _____

Date: _____                      Date: _____

Name of Plaintiff _____          Name of Defendant _____

Signature _____                  Signature _____

Name of Plaintiff's Attorney _____   Name of Defendant's Attorney _____

Signature _____                  Signature _____

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

**IT IS SO ORDERED.**

Dated: _____        _____
                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 8-03)    ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

**EXHIBIT** 3   PAGE 42

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

- **Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection.

- **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred.

- **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition,

EXHIBIT ___B___ PAGE ___43___

if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office: for cases filed in Central (619) 238-2400; for North (760) 726-4900; for East (619) 593-4530; and for South (619) 428-3200.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT___B___PAGE___44___

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. Broadway, Dept. 62
San Diego, CA 92101
619-685-6117

TO:

NORMAN B. BLUMENTHAL          #68687
BLUMENTHAL & NORDREHAUG
2255 CALLE CLARA
LA JOLLA, CA 92037

| | |
|---|---|
| STEVE LANGILLE<br><br>Plaintiff(s)<br><br>vs.<br><br>EMC CORPORATION INC<br><br>Defendant(s) | Case No.: GIC880720<br><br>**NOTICE OF CASE REASSIGNMENT**<br>DUE TO CHALLENGE, RECUSAL<br>OR SPECIAL ASSIGNMENT |

PETITION FILED 02/23/07

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE RONALD L. STYN, DEPARTMENT 62, 619-685-6117.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE. ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED. IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE, ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

**CERTIFICATE OF SERVICE**

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego California.

DATED: 03/06/07                                    BY: CLERK OF THE SUPERIOR COURT

NORMAN B. BLUMENTHAL (P)

EXHIBIT ___B___ PAGE ___4/5___

**Exhibit C**

1 | **AKIN GUMP STRAUSS HAUER & FELD LLP**
CATHERINE A. CONWAY (SBN 98366)
2 | GREGORY W. KNOPP (SBN 237615)
DAMIEN P. DELANEY (SBN 246476)
3 | 2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
4 | Telephone: 310-229-1000
Facsimile: 310-229-1001
5
Attorneys for EMC CORPORATION, on its
6 | own behalf, and as successor-in-interest to
LEGATO SYSTEMS, INC.
7

8

9

FILED
CIVIL BUSINESS OFFICE S
CENTRAL DIVISION

2007 APR -9  P 4 47

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA.

10 |                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 |                      FOR THE COUNTY OF SAN DIEGO **VIA FAX**

12

13 | STEVE LANGILLE, an individual, on behalf | Case No. GIC 880720
of himself, and on behalf of all persons
similarly situated,
14 |                                          | [Assigned To The Honorable Ronald L. Styn
                                               For All Purposes]
15 |                          Plaintiffs,

16 |          v.                             | **ANSWER**

17 | EMC CORPORATION, INC., a                | Date Action Filed:   February 23, 2007
Massachusetts Corporation, LEGATO
18 | SYSTEMS, INC., a Massachusetts
Corporation,
19
                          Defendants.
20

21

22

23

24

25

26

27

28

---

                              ANSWER

684864.0001 WEST 6062632 v1

EXHIBIT _____ C _____ PAGE _____ 46

1    Defendant EMC Corporation, ("Defendant"), on its own behalf and as successor-in-interest to

2    Legato Systems, Inc. ("Legato"), hereby answers the Class Action Complaint of Plaintiff Steve

3    Langille ("Plaintiff") as follows:

4    <u>**GENERAL DENIAL**</u>

5    Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally

6    and specifically denies each and every allegation of the Complaint.  Further, and without admitting any

7    of the allegations asserted therein or conceding that Defendant bears any burden of proof on any issue

8    that it would not otherwise bear such burden, Defendant asserts the following general and affirmative

9    defenses to the Complaint:

10    <u>**FIRST AFFIRMATIVE DEFENSE**</u>

11    **(Failure to State a Cause of Action)**

12    1.    Plaintiff is barred from relief because the Complaint, and each of the four purported

13    causes of action set forth therein, fails to allege facts sufficient to state a cause of action against

14    Defendant.

15    <u>**SECOND AFFIRMATIVE DEFENSE**</u>

16    **(Statute of Limitations)**

17    2.    Plaintiff is barred from relief to the extent that he seeks relief for conduct occurring

18    outside the periods proscribed by the applicable statutes of limitation.

19    <u>**THIRD AFFIRMATIVE DEFENSE**</u>

20    **(Standing)**

21    3.    Plaintiff lacks standing to challenge any employment practice that did not affect him.

22    <u>**FOURTH AFFIRMATIVE DEFENSE**</u>

23    **(Failure to Exhaust Administrative Remedies)**

24    4.    Plaintiff is barred from relief to the extent he was required, but failed, to exhaust

25    administrative remedies.

26    <u>**FIFTH AFFIRMATIVE DEFENSE**</u>

27    **(Good Faith)**

28

1

ANSWER

5.      Plaintiff is not entitled to any recovery because any alleged acts or omissions by defendant were made in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of employers to which Defendant belongs.

### SIXTH AFFIRMATIVE DEFENSE

#### (De Minimis Doctrine)

6.      Plaintiff is barred from relief because each purported cause of action stated in the Complaint is barred under the de minimis doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Waiver)

7.      Plaintiff is barred from relief because, by his actions, he has waived his right to recovery.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Paid All Sums)

8.      Plaintiff is barred from relief because Defendant has paid Plaintiff all sums due him.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

9.      Plaintiff is barred from relief to the extent he failed to mitigate his alleged damages.

### TENTH AFFIRMATIVE DEFENSE

#### (Compliance With Statute)

10.     Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action therein are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Time Not Compensable)

11.     The time for which Plaintiff seeks compensation does not, in whole or in part, constitute compensable working time.

ANSWER

684864.0001 WEST 6062632 v1

EXHIBIT____C____ PAGE____48____

1

## TWELFTH AFFIRMATIVE DEFENSE

2

### (Exempt Employee)

3      12.    Plaintiff is barred from relief because he is exempt from coverage under the provisions

4  of the overtime requirements of the California Labor Code and/or the Wage Orders referenced in the

5  Complaint.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7

### (Frivolous Claims)

8      13.    Plaintiff is barred from relief because Plaintiff's Complaint and each purported cause of

9  action therein were not brought in good faith and are frivolous.  Therefore, Defendant is entitled to

10  recover its reasonable expenses, including attorney's fees, incurred herein as a matter of law pursuant

11  to this court's inherent authority and California Code of Civil Procedure § 128.7.

12

## FOURTEENTH AFFIRMATIVE DEFENSE

13

### (Laches)

14      14.    Plaintiff is barred from relief because he has inexcusably and unreasonably delayed the

15  filing of this action, causing prejudice to Defendant.

16

## FIFTEENTH AFFIRMATIVE DEFENSE

17

### (Injunctive Relief)

18      15.    The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

19

## SIXTEENTH AFFIRMATIVE DEFENSE

20

### (No Basis for Attorney's Fees)

21      16.    Plaintiff is barred from relief because he has no basis to seek attorney's fees under

22  California Labor Code § 1194.

23

## SEVENTEENTH AFFIRMATIVE DEFENSE

24

### (Class Action)

25      17.    To the extent that Plaintiff purports to bring this case as a class action, Plaintiff cannot

26  satisfy the requirements for a class action.

27

28

684864.0001 WEST 6062632 v1

EXHIBIT____C____ PAGE ____49

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

18.     To the extent that Plaintiff purports to bring this case against Legato, the lawsuit fails because this court lacks personal jurisdiction over Legato.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE,** Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by the Complaint;

2.     That the Complaint be dismissed;

3.     For judgment in favor of Defendant;

4.     For costs of suit herein;

5.     For attorney's fees pursuant to Labor Code § 218.5 and California Code of Civil Procedure § 128.7 and any other appropriate basis; and

6.     For such other and further relief as the Court may deem proper and just.

Dated: April 9, 2007

**AKIN GUMP STRAUSS HAUER & FELD LLP**
CATHERINE A. CONWAY
GREGORY W. KNOPP
DAMIEN P. DELANEY

By _____
          Gregory W. Knopp
Attorneys for EMC CORPORATION, on its own behalf, and as successor-in-interest to LEGATO SYSTEMS, INC.

684864.0001 WEST 6062632 v1

EXHIBIT ___C___ PAGE ___50___

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2007 APR -9  P 4: 47
CLERK-SUPERIOR COURT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On April 9, 2007, I served the foregoing document(s) described as: **ANSWER** on the interested party(ies) below, using the following means:

| | |
|---|---|
| Norman B. Blumenthal, Esq. | Walter Haines, Esq. |
| Kyle R. Nordrehaug, Esq. | United Employees Law Group |
| Blumenthal & Nordrehaug | 65 Pine Avenue #312 |
| 2255 Calle Clara | Long Beach, CA 90802 |
| La Jolla, CA 92037 | 562.256.1006 (fax) |
| 858.551.1232 (fax) | |

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2007 at Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]                    [Signature]

5
ANSWER

684864.0001 WEST  6062632 v1

EXHIBIT ___C___  PAGE ___51___

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century park East, Suite 2400, Los

4

Angeles, CA 90067. On April 11, 2007, I served the foregoing document(s) described as: **DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF**

5

**ACTION PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1376, 1441, 1446, AND 1453; DECLARATIONS OF KEVIN CLOSE, SUSAN DUBE AND DAMIEN P.**

6

**DELANEY IN SUPPORT THEREOF** on the interested party(ies) below, using the following means:

7

8

        Norman B. Blumenthal, Esq.        Walter Haines, Esq.
        Kyle R. Nordrehaug, Esq.        United Employees Law Group

9

        Blumenthal & Nordrehaug        65 Pine Avenue #312
        2255 Calle Clara        Long Beach, CA 90802

10

        La Jolla, CA 92037        562.256.1006 (fax)    **VIA FAX**
        858.551.1232 (fax)

11

12

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

13

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and

14

mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed

15

for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

16

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I

17

placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

18

19

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger

20

service for service.

21

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by

22

the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

23

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

    Executed on April 11, 2007 at Los Angeles, California.

26

27

Tracy Howe
[Print Name of Person Executing Proof]        [Signature]

28

---

DEFENDANT EMC CORPORATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1376, 1441, 1446, AND 1453

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 137006 - A2
April 11, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086900 | 3-07-CV-0651 | | 60.00 CH |
| Judge | - HUFF | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total->                    350.00

FROM: CIVIL FILING
      LANGILLE V. EMC CORP
      BC# 0560
      SH

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Steven Langille, an individual, on behalf of himself and on behalf of all persons similarly situated

## DEFENDANTS
EMC Corporation, Inc., a Massachusetts Corporation; and a Massachusetts Corporation

FILED
07 APR 11 AM 9:02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

07 CV 0651 H (AJB)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Alameda**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Middlesex (MA)**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Blumenthal & Nordrehaug   United Employee Law Group
2255 Calle Clara          65 Pine Avenue #312
La Jolla, CA 92037        Long Beach, CA 90802

858.551.1223             562.256.1047

ATTORNEYS (IF KNOWN)
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

310.229.1000/310.229.1001 (fax)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 USC §§ 1332(d)(2), 1376, 1441, 1446 and 1453; Diversity; Removal; Class Action Fairness Act of 2005

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 382 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 316 Airplane Product Liability | [ ] 385 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [X] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions:)
JUDGE _____  Docket Number _____

DATE 4/11/07

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137006  $350  Ser  4/11/07

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century park East, Suite 2400, Los Angeles, CA 90067. On April 11, 2007, I served the foregoing document(s) described as: **CIVIL COVER SHEET** on the interested party(ies) below, using the following means:

| | |
|---|---|
| Norman B. Blumenthal, Esq. | Walter Haines, Esq. |
| Kyle R. Nordrehaug, Esq. | United Employees Law Group |
| Blumenthal & Nordrehaug | 65 Pine Avenue #312 |
| 2255 Calle Clara | Long Beach, CA 90802 |
| La Jolla, CA 92037 | 562.256.1006 (fax) |
| 858.551.1232 (fax) | |

VIA FAX

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 11, 2007 at Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]                    [Signature]

1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   DAMIEN P. DELANEY (SBN 246476)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
4   Telephone:   310-229-1000
    Facsimile:   310-229-1001
5   cconway@akingump.com
    gknopp@akingump.com
6   ddelaney@akingump.com

7   Attorneys for EMC CORPORATION, INC.

8

9

10                  UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13

14   STEVE LANGILLE, an individual,        Case No.   0651   H (CAB)
     on behalf of himself, and on behalf of
15   all persons similarly situated,
                                            **DEFENDANT EMC**
16                      Plaintiffs,         **CORPORATION, INC.'S**
                                            **DISCLOSURE OF INTERESTED**
17          v.                              **CORPORATE ENTITIES [FRCP**
                                            **7.1]**
18   EMC CORPORATION, INC., a
     Massachusetts Corporation, LEGATO      [CIVIL COVER SHEET, NOTICE OF
19   SYSTEMS, INC., a Massachusetts         REMOVAL OF ACTION FILED
     Corporation, and Does 1 to 100,        CONCURRENTLY HEREWITH]
20
                        Defendants.         **(SUPERIOR COURT OF**
21                                          **CALIFORNIA, SAN DIEGO**
                                            **COUNTY, Case No. GIC 880720)**
22

23

24

25

26

27

28

    DEFENDANT EMC CORPORATION, INC.'S DISCLOSURE OF INTERESTED CORPORATE ENTITIES [FRCP 7.1]

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    SOUTHERN DISTRICT OF CALIFORNIA:

3

4         Pursuant to Federal Rule of Civil Procedure 7.1, Defendant EMC Corporation, Inc.

5    states that there is no publicly held corporation of which it is a subsidiary or which owns

6    10% or more of its stock.

7

8    Dated: April 11, 2007                     AKIN GUMP STRAUSS HAUER &
                                               FELD LLP
9                                              CATHERINE A. CONWAY
                                               GREGORY W. KNOPP
10                                             DAMIEN P. DELANEY

11
                                               By_____
12                                                    Gregory W. Knopp
                                               Attorneys for EMC CORPORATION, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EMC CORPORATION, INC.'S DISCLOSURE OF INTERESTED CORPORATE ENTITIES [FRCP 7.1]

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
not a party to the within action; my business address is:  2029 Century park East, Suite 2400, Los
4  Angeles, CA 90067.  On April 11, 2007, I served the foregoing document(s) described as:
**DEFENDANT EMC CORPORATION, INC.'S DISCLOSURE OF INTERESTED CORPORATE**
5  **ENTITIES [FRCP 7.1]**  on the interested party(ies) below, using the following means:

6      Norman B. Blumenthal, Esq.          Walter Haines, Esq.
       Kyle R. Nordrehaug, Esq.            United Employees Law Group
7      Blumenthal & Nordrehaug             65 Pine Avenue #312
       2255 Calle Clara                    Long Beach, CA 90802
8      La Jolla, CA 92037                  562.256.1006 (fax)
       858.551.1232 (fax)
9                                                                         VIA FAX

10  ☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

11  ☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the
    respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and
12  mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of
    collection and processing correspondence for mailing.  On the same day that correspondence is placed
13  for collection and mailing, it is deposited in the ordinary course of business with the United States Postal
    Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.
14
    ☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an
15  overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I
    placed the envelope or package for collection and overnight delivery at an office or a regularly utilized
16  drop box of the overnight delivery carrier.

17  ☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to
    the respective address(es) of the party(ies) stated above and providing them to a professional messenger
18  service for service.

19  ☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the
    documents to the respective fax number(s) of the party(ies) as stated above.  No error was reported by
20  the fax machine that I used.  A copy of the record of the fax transmission(s), which I printed out, is
    attached.
21
        I declare that I am employed in the office of a member of the bar of this court at whose direction
22  the service was made.

23      Executed on April 11, 2007 at Los Angeles, California.

24

Tracy Howe
25  [Print Name of Person Executing Proof]              [Signature]

26

27

28

2

DEFENDANT EMC CORPORATION, INC.'S DISCLOSURE OF INTERESTED CORPORATE ENTITIES [FRCP 7.1]