1   CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
2   DAMIEN P. DELANEY (SBN 246476)
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
3   2029 Century Park East, Suite 2400
    Los Angeles, California 90067-3012
4   Telephone:    310-229-1000
    Facsimile:    310-229-1001
5
6   Attorneys for EMC CORPORATION
7
8
9
10                  UNITED STATES DISTRICT COURT
11                 SOUTHERN DISTRICT OF CALIFORNIA
12
13
14
15
16   STEVE LANGILLE, an individual, on       Case No. 07-CV-0651-H (CAB)
     behalf of himself, and on behalf of all
17   persons similarly situated,             **JOINT STIPULATION AND
                                             [PROPOSED] PROTECTIVE ORDER**
18                      Plaintiffs,
                                             Judge: Cathy Ann Bencivengo
19   v.
20   EMC CORPORATION, INC., et al.,
21                      Defendants.
22
23
24
25
26
27
28

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER   1

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

**1.    Purposes and Limitations**

Disclosure and discovery activity in this action is likely to involve production of corporate policies and procedures, corporate handbooks, employee training materials, personnel files and employment records, payroll reports, time punch records, internal investigative reports, and internal corporate communications that contain confidential, sensitive or private commercial, financial, business or personal information, trade secrets as defined by Cal. Civil Code §3426.1, private financial records of employees, or personal identification information of employees, for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation would be warranted.  Accordingly, Plaintiff Steve Langille ("Plaintiff") and Defendant EMC Corporation.  ("Defendant"), by and through their counsel of record, hereby stipulate to and petition the Court to enter the following Stipulation and Proposed Protective Order ("Protective Order") because the parties could be prejudiced by the dissemination of such information.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10 below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79.2(c) sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.    Definitions**

2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, and in-house counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER    2

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things concerning corporate policies and procedures; corporate handbooks; employee training materials; personnel files and employment records; payroll reports; time punch records; internal investigative reports and internal corporate communications that contain confidential, sensitive or private commercial, financial, business or personal information protected by constitutional, statutory and/or common-law rights of privacy and/or confidentiality; private financial records of employees; personal identification information of employees; or trade secrets as defined by Cal. Civil Code §3426.1 or that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates its Disclosures or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8     Protected Material:  any Disclosure or Discovery Material that is designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as their support staffs.

2.10    In-House Counsel:  attorneys who are employees of a Party, as well as their support staffs.

2.11    Counsel (without qualifier):  Outside Counsel and In-House Counsel.

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER   3

witness or as a consultant in this litigation; and who is not a past or a current employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material.

**4.    Duration**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise.

**5.    Designating Protected Material**

5.1   <u>Exercise of Restraint and Care in Designating Disclosure or Discovery Material for Protection</u>.  Each Party or non-party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate confidentiality standard.  A Designating Party must take care to designate for protection only those parts of Disclosure or Discovery Material, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that that party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify the other

1   party that it is withdrawing the improper designation.

2               5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

3   Protective Order (see e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated

4   or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective

5   Order must be clearly so designated before such material is disclosed or produced.

6          Designation in conformity with this Protective Order requires:

7               5.2(a)   <u>For Disclosure or Discovery Material in documentary form</u> (apart

8   from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

9   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10   ONLY" on each page that contains Protected Material.  If only a portion or portions of a

11   document or material on a page qualifies for protection, the Producing Party also must clearly

12   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

13   specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly

14   Confidential – Attorneys' Eyes Only").

15         A Party or non-party that makes original Disclosure or Discovery Material available for

16   inspection need not designate them for protection until after the inspecting Party has indicated

17   which Disclosure or Discovery Material it seeks to have copied and produced.  During the

18   inspection and before the designation, all of the Disclosure or Discovery Material made available

19   for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the

20   inspecting Party has identified the Disclosure or Discovery Material it seeks to have copied and

21   produced, the Producing Party must determine which, if any, Disclosure or Discovery Material,

22   or portions thereof, qualify for protection under this Protective Order.  Prior to producing the

23   specified Disclosure or Discovery Material, the Producing Party must affix the appropriate

24   legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") prominently on each

25   page that contains Protected Material.  If only a portion or portions of Disclosure or Discovery

26   Material on a page qualifies for protection, the Producing Party also must clearly identify the

27   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

28   each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential

1  – Attorneys' Eyes Only").

2  　　　　　5.2(b)  <u>For Disclosure or Discovery Material in the form of testimony</u>

3  <u>given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering

4  the testimony identify on the record, before the close of the deposition, hearing, or other

5  proceeding, all protected testimony, and further specify any portions of the testimony that qualify

6  as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  When it is impractical to

7  identify separately each portion of testimony that is entitled to protection, and when it appears

8  that substantial portions of the testimony may qualify for protection, the Party or non-party that

9  sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

10  proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of

11  the testimony as to which protection is sought and to specify the level of protection being

12  asserted "Confidential" or "Highly Confidential – Attorneys' Eyes Only").  Only those portions

13  of the testimony that are appropriately designated for protection within the 20 day timeframe

14  shall be covered by the provisions of this Protective Order.

15  　　　　Transcript pages containing Protected Material must be separately bound by the court

16  reporter, who must prominently affix on each such page the legend "Confidential" or "Highly

17  Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or

18  sponsoring the witness or presenting the testimony.

19  　　　　　5.2(c)  <u>For Disclosure or Discovery Material produced in a form other</u>

20  <u>than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent

21  place on the exterior of the container or containers in which the information or item is stored the

22  legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If only portions of the

23  information or item warrant protection, the Producing Party, to the extent practicable, shall

24  identify the protected portions, specifying whether they qualify as "Confidential" or "Highly

25  Confidential – Attorneys' Eyes Only."

26  　　　　　5.3  <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate

27  Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes

28  Only" does not, standing alone, waive the Designating Party's right to secure protection under

1   this Protective Order for such material.  Any party may cure an inadvertent failure to designate

2   Disclosure or Discovery Material as "Confidential" or "Highly Confidential" by promptly

3   notifying the Receiving Party that the subject material was inadvertently produced without proper

4   designation.  If any Disclosure or Discovery Material is appropriately designated as

5   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

6   produced, the Receiving Party, on prompt notification of the designation, must make reasonable

7   efforts to assure that the material is treated in accordance with the provisions of this Protective

8   Order.  Additionally, a ten (10) day hold will apply on disclosures of non-designated or

9   "Confidential" information to persons not identified in paragraph 7.3.

10          5.4    Nonparty Designations During Deposition.  During the deposition of any

11   nonparty, the nonparty may designate any Disclosure or Discovery Material as "Confidential" or

12   "Highly Confidential – Attorneys' Eyes Only" so long as it is conducted in good faith.  Further,

13   any nonparty seeking to invoke any protection accorded by the Protective Order must either

14   provide a copy of the "Agreement to Be Bound by Protective Order" (attached as Exhibit A)

15   executed by the nonparty to all counsel of record for the Parties or so agree on the record during

16   the deposition.

17          **6.    Challenging Confidentiality Designations**

18          6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

19   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

20   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

21   waive its right to challenge a confidentiality designation by electing not to mount a challenge

22   promptly after the original designation is disclosed.

23          6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

24   Designating Party's confidentiality designation must do so in good faith with counsel for the

25   Designating Party.  In conferring, the challenging Party must explain the basis for its belief that

26   the confidentiality designation was not proper and must give the Designating Party an

27   opportunity to review the designated material, to reconsider the circumstances, and, if no change

28   in designation is offered, to explain the basis for the chosen designation.  A challenging Party

1  may proceed to the next stage of the challenge process only if it has first engaged in this meet and

2  confer process.

3       6.3    Judicial Intervention.  If the parties are unable to resolve informally any

4  challenge to a confidentiality designation, the parties shall first jointly submit a 2-3 paragraph

5  memorandum to Magistrate Judge Bencivengo summarizing the dispute.  If the parties cannot

6  resolve the challenge with the assistance of the Magistrate Judge, the challenge party may file

7  and serve a motion pursuant to Local Civil Rule 7.1 that identifies the challenged Disclosure or

8  Discovery Material and sets forth in detail the basis for the challenge.  Each such motion must be

9  accompanied by a competent declaration that affirms that the movant has complied with all

10  requirements of Sections 6.1-6.3 of this Protective Order, and the applicable Federal Rules of

11  Civil Procedure and Local Civil Rules.

12       The burden of persuasion in any such challenge proceeding shall be on the

13  Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the

14  Disclosure or Discovery Material in question the level of protection to which it is designated by

15  the Producing Party.

16  **7.    Access To And Use Of Protected Material**

17       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

18  disclosed or produced by another Party or by a non-party in connection with this case only for

19  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

20  disclosed only to the categories of persons and under the conditions described in this Protective

21  Order.  When the litigation has been terminated, a Receiving Party must comply with the

22  provisions of section 11 below.

23       Protected Material must be maintained by a Receiving Party at a location and in a

24  secure manner that ensures that access is limited to persons authorized under this Protective

25  Order.

26       7.2    Disclosure of "Confidential" Information or Items.  Unless otherwise

27  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

28  disclose any information or item designated "Confidential" only to the following:

JOINT STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER   8

7.2(a)   the Receiving Party, including its officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.2(b)   Outside Counsel in this litigation, as well as its employees to whom it is reasonably necessary to disclose the information for this litigation;

7.2(c)   Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.2(d)   the Court and its personnel;

7.2(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

7.2(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

"Confidential" Material and/or Information may not be disclosed to a witness in preparation for deposition or trial testimony unless that witness has signed the "Agreement to Be Bound by Protective Order" (Exhibit A) prior to such disclosure, or the witness is an individual permitted to receive "Confidential" material and/or information under section 7.2(g) of this Protective Order.

7.2(g)   the author of or recipient of the Protected Material or the original source of the information.

7.3   Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to the following:

7.3(a)   Outside Counsel of record in this action, as well as its employees

1   to whom it is reasonably necessary to disclose the information for this litigation;

2          7.3(b)  In-House Counsel (1) who has no involvement in competitive

3   decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who

4   has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

5          7.3(c)  Experts (as defined in this Protective Order) (1) to whom

6   disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to

7   Be Bound by Protective Order" (Exhibit A),

8          7.3(d)  the Court and its personnel;

9          7.3(e)  Court reporters, their staffs, and professional vendors to whom

10  disclosure is reasonably necessary for this litigation; and

11         7.3(f)  the author or recipient of the document or the original source of the

12  information.

13         7.3(g)  the author or recipient of the Protected Material or the original

14  source of the information.

15      **8.**    **Protected Material Subpoenaed Or Ordered Produced In Other Litigation.**

16      No Confidential or Highly Confidential Disclosure or Discovery Material may be

17  disclosed, produced or otherwise revealed to pursuant to an interrogatory, request for production,

18  request for admission, or any other discovery request in any other litigation matter under the

19  Federal Rules of Civil Procedure or the rules of any other jurisdiction or tribunal except as

20  provided in this Section.

21      If a Receiving Party is served with a subpoena or a Court order issued in other litigation

22  that would compel disclosure of any information or items designated in this action as

23  "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so

24  immediately notify the Designating Party, in writing and in no event more than three (3) court

25  days after receiving the subpoena or Court order.  Such notification must include a copy of the

26  subpoena or Court order.

27      The Receiving Party also must immediately inform in writing the Party who caused the

28  subpoena or order to issue in the other litigation that some or all the Protected Material covered

JOINT STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER   10

by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**9.      Unauthorized Disclosure Of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**10.     Filing Protected Material**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this litigation any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79.2(c).

**11.     Final Disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, after the final termination of this litigation, including any appeals, if a Producing Party requests in writing the return or destruction of any or all of its Protected Material to the Receiving Party, within ten (10) business days of such request, the Receiving Party must submit a written certification, under penalty of perjury, to the Producing Party (and, if not the same person or entity, to the

1   Designating Party as well) that all Protected Material was returned or destroyed, including any

2   copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

3   Protected Material.  Notwithstanding this provision, Outside Counsel may retain an archival set

4   of copies of Protected Material.  Any such archival copies that contain or constitute Protected

5   Material remain subject to this Protective Order as set forth in Section 4 above.

6          **12.    Miscellaneous**

7                  12.1    <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right

8   of any person to seek its modification by the Court in the future.

9                  12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

10  Protective Order, no Party waives any right it otherwise would have to object to disclosing or

11  producing any Disclosure or Discovery Material on any ground not addressed in this Protective

12  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

13  the Disclosure or Discovery Material covered by this Protective Order.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    **13.    Seal**

2       Subject to public policy, and further court order, nothing shall be filed under seal, and the

3   court shall not be required to take any action, without separate prior order by the Judge before

4   whom the hearing or proceeding will take place, after application by the affected party with

5   appropriate notice to opposing counsel.[1]

6   Dated:    August 16, 2007              BLUMENTHAL & NORDREHAUG

7

8                                         By    /s/ Norman B. Blumenthal

9                                                Norman B. Blumenthal
                                          Attorneys for Plaintiff STEVE LANGILLE
10

11  Dated:    August 16, 2007              AKIN GUMP STRAUSS HAUER & FELD LLP

12

13                                        By    /s/ Gregory W. Knopp

14                                               Gregory W. Knopp
                                          Attorneys for EMC CORPORATION
15

16  **IT IS SO ORDERED.**

17

18  DATED:  August 23, 2007

19                                        _____

20                                        **CATHY ANN BENCIVENGO**
                                          United States Magistrate Judge
21

22

23

24

25

26

27

28
    _____

    [1] Pursuant to Local Rules, paragraph 13 was inserted by this Court.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER   13

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____, [print or type full name], of _____

4 [print or type full address], declare under penalty of perjury that I have read in its entirety and

5 understand the Protective Order that was issued by the United States District Court for the

6 Southern District of California on [date] in the case of Langille v. EMC Corporation, No.

7 07-CV-0651 H (CAB).  I agree to comply with and be bound by all the terms of this Protective

8 Order and I understand and acknowledge that failure to so comply could expose me to sanctions

9 and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

10 manner any information or item that is subject to this Protective Order to any person or entity

11 except in strict compliance with the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the

13 Southern District of California for the purpose of enforcing the terms of this Protective Order,

14 even if such enforcement proceedings occur after termination of this action.

15 Date: _____

16 City and State where swore and signed: _____

17 Printed name: _____

18 Signature: _____

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER   14